Rex Sanitary Closet Co. v. Duster.

REX SANITARY CLOSET COMPANY, APPELLANT, V. ALBERT DUSTER, APPELLEE.

FILED OCTOBER 30, 1914.   No. 17,868.

1. **Sales:** ACTION FOR PRICE: FALSE REPRESENTATIONS: BURDEN OF PROOF. Where, in a suit to recover the purchase price of an appliance, the defense is a rescission of the contract, consented to by the plaintiff, and the reply is that such consent was obtained by false and fraudulent representations, the burden is upon the plaintiff to establish the fact that such representations were made, and that it relied upon them when it consented to the rescission.

2. ————: ————: DIRECTING VERDICT: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* to sustain the action of the district court in directing a verdict for defendant.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Reeder & Lightner,* for appellant.

*W. M. Cornelius, contra.*

LETTON, J.

Action to recover the purchase price of one oak cabinet closet, with disinfectants and pipe, sold upon a written contract which provided for 30 days' trial, and a guarantee that the closet was odorless and sanitary. The answer admits the purchase and alleges that the closet, when installed, was not sanitary and odorless, as guaranteed, of

which defendant notified plaintiff within 30 days from the time it arrived; that plaintiff requested time in which to send an expert to inspect it, but failed to do so, and afterwards notified him that he need not accept the same, asked him to sell it, and agreed to pay him for his services if he made a sale. In reply plaintiff pleads that defendant falsely represented that he had set the closet up, had given it a fair and reasonable trial and that it failed to comply with the representations, that these statements were false and untrue, and that the directions as to resale were induced by these false representations. After the evidence was adduced, the court directed a verdict for defendant, and the cause was dismissed.

By these pleadings the sale to defendant upon trial was admitted; and it was admitted that the plaintiff consented to the rescission of the sale by the defendant. The only issue remaining is as to whether this consent was procured by the false representations of defendant that he had installed and used the closet and that it was not satisfactory, and that plaintiff relied thereon. The burden was upon plaintiff to prove the falsity of these representations. It made no attempt to do so, except by testimony that numerous sales had been made and no complaints received from purchasers, and by whatever inference might be drawn from the fact that in his first letter of complaint defendant stated he had tried the closet, and in later letters he stated he had not used it.

The defendant testified that he purchased the closet from an agent to whom he described the room in which he expected to use it, which was a lean-to next to his house; that the agent directed him how to arrange the pipe; that when the closet came he set it up in accordance with these instructions, and tried it, using the chemicals which were sent with it according to directions, but the closet was not odorless or sanitary. The evidence also shows that after the defendant had tried the closet he complained that it was not satisfactory; that plaintiff promised to send a man to install it properly, but did not do so; that afterwards defendant wrote, offering to return the closet, and

Rex Sanitary Closet Co. v. Duster.

saying, "I have it all ready, nicely packed without a scratch, not being used at all on account of not finding a proper place for it downstairs," and that after the receipt of this letter plaintiff accepted the offer to return it, and asked him to sell it as their agent if he could. This action shows that a trial of the closet was not considered by the plaintiff as essential to or as a condition of its return.

An inspection of the descriptive pamphlet or folder which is said to contain the instructions shows that its directions are not clear and specific, and do not exclude the idea that the closet may be installed with the outlet of the vent pipe placed otherwise than in a chimney flue or stovepipe. And the letter of defendant stating that he did not use the closet may be explained by his testimony that, in order to keep it clean, the receptacle sent with it had not been used.

A number of assignments of error are made; but, since the trial judge gave a peremptory instruction for defendant, it must have been on the theory that there was not sufficient evidence in the record to support a verdict for plaintiff under the issues made. Unless this is the case, the evidence should have been submitted to the jury. In our opinion plaintiff has not established the fact that the representations made by defendant, which induced plaintiff to consent to the rescission of the sale, were false and fraudulent, or that plaintiff relied thereon, and therefore the defendant was entitled to a directed verdict.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.